In the Matter of Solar Textiles Co., a Corporation, Plaintiff-Appellant, v. Ralph Fortino and Dura-crest Fabrics, Inc., a Corporation, Defendants-Appellees.

Gen. No. 49,180.

First District, First Division.

February 24, 1964.

Seymour Tabin, of Chicago, for appellant.

Sturman & Bloch, of Chicago (Allan R. Bloch, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Solar Textiles seeks to restrict the individual defendant Ralph Fortino, Jr., from engaging in the sale of grille cloth, and the corporate defendant Duracrest Fabrics from continuing him in its employ. The court granted defendants' motions to strike the complaint and dismiss the suit, and refused to issue a permanent injunction. No evidence was taken. Plaintiff appeals.

On November 27, 1962 plaintiff filed a complaint for injunction basing its suit upon an employment contract entered into between it and Fortino on June 19, 1959. By the terms of this employment contract it was provided:

> 1. Employer agrees to employ Employee, and Employee agrees to work for Employer, from the date hereof to and until this agreement is terminated by either party. Either party may terminate this agreement without notice at any time.

> 2. Employer shall pay to Employee for his services the sum of $140.00 per week, or such other sum as may hereafter from time to time be mutually agreed upon.

> . . . . . .

> 4. (a) Employee agrees that during the period of his employment by Employer, and for a period

437

of five (5) years after termination of such employment, he will not, directly or indirectly, as a principal, partner, agent, officer, director, stockholder, lender of money, employee, clerk or otherwise, engage in any business which is the same as, similar to, or competitive to the business of Employer, within the City of Chicago or the City of New York, or within a radius of 350 miles of the Cities of Chicago or New York.

. . . . . .

Plaintiff averred in its complaint that it is engaged in the City of Chicago and within a radius of 350 miles thereof, in the business of selling grille cloth to manufacturers of television, radio and phonograph equipment, and that defendant, during his employment by plaintiff, was taught plaintiff's business; that a close relationship was established between said defendant and plaintiff's customers; that defendant was made familiar with plaintiff's suppliers, and was given intimate knowledge of plaintiff's plans, production methods, and current samples.

The complaint charged that defendant, in violation of the terms of the agreement, is now engaged in the City of Chicago in the business of selling grille cloth to manufacturers of television, radio and phonograph equipment, and to that end has quoted prices, has solicited business, and has offered grille cloth for sale to such manufacturers in competition with plaintiff, to the damage and prejudice of plaintiff and the business which it conducts. That Duracrest Fabrics, knowing it was interfering with the contractual relationship then existing, employed defendant and has directed him, on its behalf, to compete with plaintiff in the sale of grille cloth in the City of Chicago.

Plaintiff alleged that it is suffering great and irreparable damage and has no adequate remedy at law,

and prayed for a permanent injunction restraining the individual defendant, Fortino, from engaging in business in competition with plaintiff, and Duracrest Fabrics from continuing him in its employ.

In his answer defendant Fortino admitted execution of the employment contract and that he had been employed by plaintiff, but stated that prior to said employment he was engaged in a related business and was fully aware of the suppliers of grille cloth and its users. Defendant denied he was taught plaintiff's business or that because of said employment he became familiar with plaintiff's suppliers and customers, or that he was given an intimate knowledge of plaintiff's production methods. Defendant further stated that plaintiff does not produce merchandise, but acts merely as a broker. Defendant denied that he obtained or was given any intimate knowledge of any plans of plaintiff.

Defendant Fortino admitted being engaged in the selling of grille cloth in the Chicago area, but denied violation of the employment contract. Defendant further denied that he left plaintiff's employ voluntarily, or that plaintiff has suffered great and irreparable damage by reason of his conduct. Defendant then alleged that prior to his employment he had developed a knowledge of the uses of grille cloth and sources thereof, and the methods by which it might be sold; that the selling and dealing in grille cloth is his trade and profession, and that to prevent him from engaging in said activity would result in great and undue hardship to the defendant and cause him irreparable harm, and that the complaint should therefore be dismissed.

Defendant Duracrest Fabrics moved to strike the complaint, in which defendant Fortino subsequently joined, on the grounds that the agreement is void and contrary to public policy; that it shows on its face a lack of consideration in that it can be terminated at

will, and that there is no understanding to pay anything pursuant to the contract; that it seeks to prevent employee from engaging in his trade or profession within the state; that the complaint does not state a cause of action in that it fails to allege acts by either defendant that would constitute a cause of action, and fails to allege any facts to show that an injunction is necessary for the protection of plaintiff's business. Defendants contended that the contract is unjust and inequitable, a restraint of competition per se and unenforceable in equity. Plaintiff argues, here, that if judged by its special circumstances, the restrictive covenant is reasonable.

On February 4, 1963 the court granted defendants' motion to strike. It further ordered that plaintiff's motion for permanent injunction be denied. On March 5, 1963, by stipulation of parties, a final and appealable order provision was entered, pursuant to sec 50(2) of the Civil Practice Act. Plaintiff elected to stand on its complaint and did not move to amend.

The general rule in Illinois with respect to enforcement of restrictive covenants in employment contracts is that where a covenant places restrictions upon an employee not to engage in a subsequent competitive employment or in a competitive line of trade, these restrictions must be reasonably related to safeguarding the employer without putting unreasonable restraints upon trade. An employee, after severing connections with his employer may compete with the former employer in his new position unless restricted by contract. While limitations may be placed upon an employee's freedom of action these limitations must conform to a test of reasonableness which will be stricter in the case of employment contracts. Parish v. Schwartz, 344 Ill 563, 176 NE 757 (1931); Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961); Beltone Electronics v. Smith, 44 Ill App2d 112, 194 NE2d 21 (1963).

440

■ We agree with plaintiff that restrictive covenants similar to the one under consideration in the instant case must be construed in relation to their special circumstances. However, the authorities indicate that the special circumstances determinative of the issue of reasonableness of the restraint imposed generally involve elements of trade secrets or unfair dealing. Northwest Side Lumber Co. v. Layton, 239 Ill App 82 (1925); Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961); Snyder v. Hamilton, 39 Ill App2d 352, 189 NE2d 97 (1963).

In World Wide Pharmacal Distributing Co. v. Kolkey, 5 Ill App2d 201, 125 NE2d 309 (1955), an employee who had appropriated a secret formula used in the manufacture of his former employer's pharmaceutical product, was thereafter enjoined from marketing a product simulating that of his employers, where there was intent to confuse the public. In Wahlgren v. Bausch & Lomb Optical Co., 68 F2d 660 (CA 7 1934) an injunction was issued to prevent competition by a former employee where he enticed his employer's agent into working for him.

To the same effect is Smithereen Co. v. Renfroe, 325 Ill App 229, 59 NE2d 545 (1945). There the employee worked as salesman and store manager for a pest exterminating business in the City of Chicago for a period of nine years. In holding valid a restrictive covenant prohibiting the employee from engaging in a competitive line of business, the court based its decision on the fact that at least one of the formulae used by the employer was a secret process, and that the particular business, being largely built upon customer confidence, was vulnerable and, in fact, was harmed by the employee's inducement of a number of customers to cancel their contract. The court stated that contracts have been upheld where "salesmen, agents, canvassers and other employees who come in personal contact with

their employer's customers, agree not to engage in a competitive business in a limited time and area after leaving their employer's service." In Jewel Paint & Varnish Co. v. Walters, 339 Ill App 335, 89 NE2d 835 (1950), an employee, as manager of a retail paint store was enjoined because of the personal contacts with customers. The court there stated, at page 344: ". . . that as manager of the store at Elgin, he contacted and secured customers and that the good will which appellee's business there enjoyed, was due to the efforts of appellant. Had appellant gone into some other business or left the territory served by appellee, this good will which appellee's business enjoyed, would have continued, but when he became an employee of a competing business it is reasonable to conclude that some of these customers and some of their business would be lost to appellee."

The latest cases in Illinois do not deviate from the rule requiring the existence of some secrets of the trade or profession which the employer can legitimately prevent his former employee from divulging or using in competition with him. Snyder v. Hamilton, 39 Ill App2d 352, 189 NE2d 97 (1963); Beltone Electronics v. Smith, 44 Ill App2d 112, 194 NE2d 21 (1963). In Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961), the court held, in a similar situation to the one at bar, that it was an unreasonable protection for an employer, who was engaging in the manufacture and sale of pneumatic tool accessories, to prevent his employee, a sales manager, from taking a similar position with one of its competitors and soliciting its customers. The court, at pages 165–166, enunciated the test as to whether an injunction could properly issue to restrain an employee from competing with his former employer, saying: " 'In all cases such as this, one has to ask one's self what are the interests of the employer that are to be protected, and against

what is he entitled to have them protected. He is undoubtedly entitled to have his interest in the trade secrets protected, such as secret processes of manufacture which may be of vast value. And that protection may be secured by restraining the employee from divulging these secrets or putting them to his own use. He is also entitled not to have his old customers, by solicitation or such other means, *enticed away from him*. (Italics ours.) But freedom from all competition per se apart from both these things, however lucrative it might be to him, he is not entitled to be protected against. He must be prepared to encounter that even at the hands of a former employee. . . .' "

In the light of these cases this court must determine if the restrictive covenant involved in this case is reasonable and proper. In considering this matter, we find that the contract and complaint as set out here, do not indicate the "special circumstances" for which the employer may claim protection.

There is nothing in the contract as to time of employment, terms of employment or duties on the part of either party. The employer is not obligated to employ the defendant in any particular position. At any time the plaintiff could discharge the defendant and hold him to the five year covenant not to compete while the defendant could seek no redress upon termination.

But of more importance, there is nothing in the complaint or contract to indicate that plaintiff's business involved the knowledge of trade secrets or the imparting to defendant of information of a strictly confidential nature used in the conduct of plaintiff's business which he might properly be restrained from divulging. There is no special skill in selling grille cloth, if that was defendant's employment. On this point the contract and complaint is silent. The services rendered were neither unique nor extraordinary.

There is nothing peculiar about plaintiff's business to suggest the use of any secrets or information. The plaintiff does not state what information or processes might be involved nor what skills it had imparted to defendant. Certainly, how customers are solicited and the fine points of sales presentation are not trade secrets. A trade secret has been held to be a plan or process, tool, mechanism or compound known only to its owner and those of his employees in whom it is necessary to confide it. Snyder v. Hamilton, 39 Ill App2d 352, 189 NE2d 97 (1963).

Nor does plaintiff specifically allege that there was, in fact, solicitation or enticement of its customers. Plaintiff merely asserts that defendant is competing with it. This is not a sufficient showing under the rule enunciated in the Brunner & Lay case of irreparable harm. Even if it were said that there was some personal contact between defendant and plaintiff's customers, there were no contractual obligations. At best it might be a potential advantage to defendant or Duracrest Fabrics, only because plaintiff's customers, having personally dealt with defendant Fortino in the past, might continue to trade with him.

Plaintiff had ample time between the entry of the court's order granting defendants' motion to strike on February 4, 1963 and March 5, 1963 when that order became final and appealable, by stipulation, to introduce into the cause facts or circumstances that would justify relief. Instead plaintiff stood on its complaint. The court below was careful in specifically apprising plaintiff of the deficiencies of its complaint.

> The Court: There is no allegation in this complaint that I have found that the defendant took any confidential material, that he took any list of customers.
> Mr. Tabin: No, your honor.

The Court: There is no allegation in here at all that he has solicited any customers of the plaintiff when he was an employee. The only thing here is that he's gone into competition.

■ Depriving a person of his right to work is a drastic method at best. It should only be invoked where irreparable injury is being done to the employer. Where a restrictive covenant in an employment contract is drawn in such a way, in relation to the contract as a whole, as to attempt to restrict competition per se, the covenant is void and unenforceable.

■ In view, therefore, of the nature of the contract, the inadequacy of the complaint and the failure of plaintiff to amend its complaint to show facts and circumstances that would justify the relief requested, we think the court, as a matter of law, did not err in denying plaintiff's motion for injunction, sustaining defendants' motion to strike and dismissing the action.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.