Thomas Vander Werf, Plaintiff-Appellant, v. Zunica Realty Company, a Corporation, Defendant-Appellee.

Gen. No. 49,970.

First District, First Division.

May 10, 1965.

Rehearing denied June 3, 1965.

Jacobs, Ribstein & Lieberman, of Chicago (Eugene Lieberman and Irving B. Ribstein, of counsel), for appellant.

Summerfield & Summerfield, of Chicago (Harold L. Summerfield and John A. Summerfield, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

An action for declaratory judgment was brought by plaintiff, Thomas Vander Werf, a licensed real estate salesman, to determine his rights under a restrictive covenant contained in an employment contract with defendant, Zunica Realty Company, a real estate brokerage firm. The contract, entered into on July 1, 1962, provided that:

> . . . in consideration for one dollar ($1.00) in hand paid, receipt of which is hereby acknowledged, and the further consideration of receiving aid, assistance and certain commissions, to be determined from time to time, also access to certain confidential files and information belonging to said party of the first part and his associates, does hereby contract and agree, that upon the discontinuance of his position of salesman or of any other position in the organization of Zunica Realty Company that he may hold from time to time, he will not engage in the Real Estate Business Or Any Department Thereof Within two (2) years after leaving the employ of said party of the first part at any point within five miles of the present offices of Zunica Realty Company, at 824 E. Sibley Blvd., Dolton, Illinois, 27 West 159th St., Harvey, Illinois and 14322 Indiana Ave., Riverdale, Illinois. It is understood that this agreement is to remain in force regardless of the reason for which the position of salesman is terminated.

Pursuant to further terms of the agreement plaintiff executed a personal bond in the sum of $5,000 to

174

show good faith on his part and to secure his performance of the contract.

Plaintiff alleged that the restrictive covenant was against public policy; that enforcement thereof would expose him to undue economic hardship, and that it lacked mutuality. His complaint prayed that the court declare the rights of the parties and hold the agreement null and void. Defendant denied these allegations; alleged that the contract was lawful, supported with adequate consideration by each of the parties, and was entered into voluntarily and in good faith. Defendant also filed a counterclaim alleging that plaintiff had agreed not to engage in real estate business or any department thereof within two years after leaving its employ at any point within five miles of its offices; that plaintiff voluntarily terminated his employment without its consent, and has subsequently been employed by Thornridge Realty as a real estate salesman; that Thornridge Realty is located within five miles of its office at 824 Sibley Blvd., Dolton, Illinois; and that plaintiff has thereby violated the restrictive covenant for which it has no adequate remedy at law. Defendant therefore prayed that an injunction issue restraining plaintiff from violating the restrictive covenant.

On the hearing plaintiff testified he was a licensed real estate salesman; that he entered into the said agreement with Zunica and was employed by it since the date of the contract, July 1, 1962; that he received a straight commission which was split between the company and the salesmen; that he did not have access to any confidential information; that he terminated his employment January 3, 1964 when he came to the office, found that Zunica had locked him out and that the president of Zunica told him to take a thirty-day leave of absence; that he said he could not afford to take such leave since he had to make a living, and

175

that he asked three times to be allowed to work, otherwise he would consider himself discharged. He further testified that he is now employed by Thornridge Realty located at 14918 Chicago Road, Dolton, Illinois which is one mile from Zunica's Dolton office and that he brought no information to Thornridge which he obtained from Zunica. He was not allowed to testify as to what were his duties as salesman with Zunica; whether he was ever credited either with cash or commissions by Thornridge as a result of any information taken with him due to his employment with Zunica, or whether he had any contract listings after he left Zunica's employ.

On cross-examination he admitted attending Zunica sales meetings from time to time when listings and related matters were discussed.

Plaintiff's present employer testified that plaintiff brought no listings from Zunica; that he obtains his listings directly from Thornridge, and admitted that plaintiff presently made sales in the area restricted by the covenant. This was the extent of evidence heard by the court, except the admission by Zunica's attorney, in reply to the court's inquiry, that he could show no loss of income by Zunica.

The court then found that the contract in question was valid and did not constitute an unreasonable restraint on trade; that plaintiff violated the terms and conditions of the contract in that he ceased to be employed by defendant on or about January 23, 1964, and that on March 30, 1964 became an employee of Thornridge Realty, and as real estate salesman makes sales within five miles of defendant's office in Dolton. Based upon the foregoing the court entered judgment dismissing plaintiff's complaint for declaratory judgment and restraining plaintiff from engaging in real estate business or any department thereof within two years from January 23, 1964 within five

miles of Zunica's office addresses. Plaintiff appeals from said judgment.

■ Defendant contends that it has a right to be protected from competition by a former employee when such protection is reasonably limited as to time and place, even though its business is not unique or special. It is conceded that the area and time limitations involved here are not unreasonable. However, the test is whether the agreement, under the circumstances of the particular case, is reasonably necessary for the protection of the employer's business. It is unenforceable when its purpose is the prevention of competition rather than the protection of the employer's business against competition by methods commonly regarded as improper and unfair.

Generally, how much protection is needed by an employer depends upon the legitimate interests for which he may claim protection. Legitimate interests is only another term to describe those "special circumstances" which render an employee's restraint necessary, but protection against ordinary competition itself is not sufficient. The authorities indicate that the "special circumstances" which have been controlling and important in determining the reasonableness of the restraint imposed generally involve elements of trade secrets and unfair dealings. Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961); Snyder v. Hamilton, 39 Ill App2d 352, 189 NE2d 97 (1963); In Re Solar Textiles Co. v. Fortino, 46 Ill App2d 436, 196 NE2d 719 (1964).

Wherever the courts have held that the employee did acquire trade secrets or confidential information, the restrictive covenant has been held reasonable. Smithereen Co. v. Renfroe, 325 Ill App 229, 59 NE2d 545 (1945); Jewel Paint & Varnish Co. v. Walters, 339 Ill App 335, 89 NE2d 835 (1950); World Wide Pharmacal Distributing Co. v. Kolkey, 5 Ill App2d 201, 125

177

NE2d 309 (1955); Wark v. Ervin Press Corp., 48 F2d 152 (7th Cir 1931).

In the Solar Textiles case a manufacturer of grille cloth was refused an injunction prohibiting a former salesman from selling grille cloth for a competitor. We there stated at pages 442, 443:

> The latest cases in Illinois do not deviate from the rule requiring the existence of some secrets of the trade or profession which the employer can legitimately prevent his former employee from divulging or using in competition with him. (Citing cases). In Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961), the court held, in a similar situation to the one at bar, that it was an unreasonable protection for an employer, who was engaging in the manufacture and sale of pneumatic tool accessories, to prevent his employee, a sales manager, from taking a similar position with one of its competitors and soliciting its customers. The court, at pages 165–166, enunciated the test as to whether an injunction could properly issue to restrain an employee from competing with his former employer, saying: " 'In all cases such as this, one has to ask one's self what are the interests of the employer that are to be protected and against what is he entitled to have them protected. He is undoubtedly entitled to have his interest in trade secrets protected, such as secret processes of manufacture which may be of vast value. And that protection may be secured by restraining the employee from divulging these secrets or putting them to his own use. He is also entitled not to have his old customers, by solicitation or such other means, *enticed away from him.* (Italics ours.) But freedom from all competition per se apart from both these things, however lucrative it might be to him,

he is not entitled to be protected against. He must be prepared to encounter that even at the hands of a former employee. . . .' "

In the instant case defendant does not seriously contend that trade secrets, customer lists, or confidential information are involved. There is no allegation of irreparable harm in its counterclaim, and there was no evidence offered by it to show that plaintiff was soliciting or enticing its customers, or that plaintiff had taken real estate listings with him. In fact, defendant objected to questions put to plaintiff in an attempt to elicit testimony as to the manner in which plaintiff was obtaining his leads. There was, in addition, no showing by defendant that its methods of doing business were original or unique, and there was certainly no affirmative showing that plaintiff used defendant's listings or that he had solicited its former customers who, in the real estate trade, are usually transient, and not repeaters.

The drastic method of injunctive relief will not lie to deprive a man of his right to work where no irreparable harm is being done, and where enforcement of the restrictive covenant is unnecessary to protect the legitimate business interests of his employer. The protection sought by defendant in the instant case does not meet the standard of reasonableness, but on the contrary, the restrictive covenant has the effect of preventing competition per se and depriving plaintiff of following his trade and earning a livelihood. We hold the restrictive covenant unenforceable for the reasons herein given and that the lower court erred in dismissing plaintiff's complaint and issuing the injunction. The judgment is therefore reversed.

Reversed.

BURMAN, P. J. and MURPHY, J., concur.