Central Keystone Plating of Illinois, Inc., a Corporation, Plaintiff-Appellant, v. Richard Hutchison, Defendant-Appellee.

Gen. No. 10,639.

Fourth District.

September 9, 1965.

Harris & Harris, of Lincoln (Thomas M. Harris, of counsel), for appellant.

William C. Bates, of Lincoln, for appellee.

CRAVEN, J.
Plaintiff, engaged in the electroplating business, employed the defendant as sales manager to represent the plaintiff in soliciting and selling electroplating services to automobile dealers and operators of automobile repair shops. Acting under an employment contract with the plaintiff, the defendant maintained his office in Lincoln, Illinois, and solicited and served customers in some seventeen central Illinois counties.

In September of 1964 the employment relationship between the parties was terminated. The defendant immediately became associated with another employer, engaged in the same business, and undertook to solicit his former customers for the new employer. This was contrary to a restrictive covenant in the employment contract, which covenant provided as follows:

"That the Second Party further expressly covenants and agrees that, at no time, either dur-

ing the term of his employment or for a period of three (3) years following the termination of his employment (whether such termination shall be at the request of the First Party or upon the voluntary resignation of the Second Party), will he directly or indirectly, for himself, or as the agent of, on behalf of, or in conjunction with, any person, partnership, association, corporation, joint venture, directly or indirectly, within the trading area of the State of Missouri and Illinois and all other states, Counties and areas in which the First Party is presently now conducting business, and also territories in which the Second Party knows the First Party intends to expand and carry on business by expansion of its present activity, enter into or engage in the sale, purchase, exchange, or acquisition of new, used and reconditioned automobile bumpers and related items, or any other item sold, or processed by First Party; nor will Second Party during said period of time disclose or furnish, except to the First Party, the names or addresses of any of the customers of the First Party; nor will he during said period, for himself, or as the agent of, on behalf of, or in conjunction with, any person, partnership, association, joint venture, or corporation, solicit, or attempt to solicit customers, business or patronage, for the sale, purchase or exchange, or acquisition of new, used and reconditioned automobile bumpers and like items, or any other items sold, or processed, by First Party.

"Solicitation or acceptance of orders outside the territory herein mentioned for shipment to, or delivery in, any of the territory shall constitute 'engaging in business' in the restrictive territory in violation of this agreement. This covenant on the part of Second Party shall be construed as an

agreement independent of any other provision of this agreement; and the existence of any claim or cause of action of Second Party against First Party, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by the First Party of this covenant."

Plaintiff filed its complaint for a temporary injunction, seeking to enjoin the defendant from soliciting electroplating business in the seventeen-county area that had been served by the defendant as an employee of the plaintiff. The plaintiff also sought an accounting for lost business and prayed that a permanent injunction ultimately issue enjoining the defendant for the three-year period specified in the employment agreement.

The complaint was dismissed on motion of the defendant. In its final order of dismissal the trial court held that the quoted portion of the employment contract was unenforceable and invalid because it was not reasonable as to territory. Further, the trial court held that the agreement could be terminated by either party at any time, and thus presumably had no continuing effect. This appeal is from that final order.

The agreement does contain a provision for termination by either party at any time with or without cause. It is obvious, however, that the quoted provision was contemplated to be a continuing covenant for three years from the date of termination; indeed, it would only become operative in the event of termination.

Thus, we view the question here for determination to be the validity of the covenant, and not its demise by virtue of the termination of the employment contract.

 Covenants ancillary to an employment contract restricting employees or agents from unreason-

able competition with a former employer are permissible. They are not per se contrary to public policy and therefore void. House of Vision, Inc. v. Hiyane, 58 Ill App2d 431, 208 NE2d 390. 313–15 Restatement of Contracts. See also 43 ALR2d 93. The rule in this state, as well as most jurisdictions, is that the covenant must be reasonable as to the employee, the employer and the public. Reasonableness is to be determined from the facts and circumstances of each case, and of necessity varies as to area, time and the respective interests of the parties, as well as the degree of fiduciary or confidential relationship existing between them.

The cases collected in the cited annotation, however, almost uniformly hold that excluding service occupations from an entire state by such a covenant is unreasonable. Territorial restrictions, as to salesmen or route men, greater than the area that was served by them on behalf of the former employer are held unenforceable. 43 ALR2d 118. The rationale of the collected cases is that the employee should be excluded only from territory in which, as a result of his employment, he was able to establish a certain relationship with the employer's customers.

Where there are special circumstances, such as customer lists, customer contacts, trade secrets or other confidential information, there is a greater willingness to restrain competition. Solar Textiles Co. v. Fortino, 46 Ill App2d 436, 196 NE2d 719 (1964); Smithereen Co. v. Renfroe, 325 Ill App 229, 59 NE2d 545 (1945).

In the Solar Textiles case, supra at 442, 443, 196 NE2d at 723, the court said:

"The latest cases in Illinois do not deviate from the rule requiring the existence of some secrets of the trade or profession which the employer

192

can legitimately prevent his former employee from divulging or using in competition with him. (Citing cases.) In Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652 (1961), the court held, in a similar situation to the one at bar, that it was an unreasonable protection for an employer, who was engaging in the manufacture and sale of pneumatic tool accessories, to prevent his employee, a sales manager, from taking a similar position with one of its competitors and soliciting its customers. The court, [29 Ill App2d] at pages 165–166, [172 NE2d at page 654] enunciated the test at to whether an injunction could properly issue to restrain an employee from competing with his former employer, saying: ' "In all cases such as this, one has to ask one's self what are the interests of the employer that are to be protected, and against what is he entitled to have them protected. He is undoubtedly entitled to have his interest in the trade secrets protected, such as secret processes of manufacture which may be of vast value. And that protection may be secured by restraining the employee from divulging these secrets or putting them to his own use. He is also entitled not to have his old customers, by solicitation or such other means, *enticed away from him*. (Italics ours.) But freedom from all competition per se apart from both these things, however lucrative it might be to him, he is not entitled to be protected against. He must be prepared to encounter that even at the hands of a former employee. . . ." ' "

■■■ In this case, the allegation is that the special circumstances are present. This allegation stands admitted by the motion. The relief sought pertains to an area in which the defendant serviced the customers

of the plaintiff, although the area covered by the covenant is much greater. The area involved in the covenant is clearly in excess of any reasonable protection to the employer. The seventeen counties wherein enforcement is sought are, of course, components of the entire area. This case is not unlike Molina v. Barany, 56 NYS2d 124, wherein the covenant prohibited diamond salesmen from competition for two years and the area was the United States generally. That territorial designation was held to be unreasonable, but the court said (at 130):

> "That the scope of the restrictive covenant is broader than public policy will countenance is no bar to its enforcement, within the limits of public policy and plaintiffs' necessities, . . . ."

In the case of Lanzit v. J. W. Sefton Mfg. Co., 184 Ill 326, 56 NE 393, the territorial restriction related to the United States, the State of Indiana, the State of Illinois and the County of Cook. On review of an injunction issued by the trial court as to the States of Illinois and Indiana, the Supreme Court held that this was unreasonable but that the contract was severable and may be enforced as to any valid provision of it if within the scope of the pleadings. The court inferred that a restriction relating to Cook County might be found reasonable.

These cases seem to establish that a restrictive covenant reasonable in all respects, except unreasonable as to area, can be enforced in a reasonable area.

In this case, the plaintiff sought relief as to a reasonable area, an area in which there existed the requisite special circumstances. It follows, therefore, that it was error to dismiss the complaint on motion. Accordingly, the order of dismissal is reversed and the cause is remanded to the circuit court with di-

rections to overrule the defendant's motion to dismiss and for further proceedings in accordance with the views herein expressed.

Reversed and remanded with directions.

SMITH, P. J. and TRAPP, J., concur.