United Travel Service, Inc., an Illinois Corporation, Plain-
tiff-Appellee, v. Virginia L. Weber, Individually,
and as Director of Europa Travel, Inc., a Foreign
Corporation Qualified To Do Business in the State
of Illinois, Defendant-Appellant.

Gen. No. 11,109.

Fourth District.

May 13, 1969.

Duane L. Traynor, Traynor & Hendricks, of Spring-
field, for appellant.

R. Garrett Phillips, of Springfield, for appellee.

CRAVEN, J., delivered the opinion of the court.

Defendant-appellant, Virginia Weber, then aged 18
years, and still in high school, was employed—initially
on a part-time basis—by United Travel Service, Inc., a
travel agency in Springfield. After she had been with
United for about two and one-half months, she was
asked to prepare and sign a contract which provided that
in consideration of her employment and training by Unit-
ed, appellant agreed that at such time as she may sever
her connections with United for any cause she would not

engage in the travel-service business either individually or in the employment of any other travel service in any capacity in either Decatur, Illinois, or Springfield, Illinois, or within a radius of 60 miles from Decatur or Springfield, for a period of two years thereafter. The contract, by its terms, further provided that she would not disclose the names of clients with whom she had dealt for the agency nor attempt to divert any of the clients from the agency.

The contract was dated August 13, 1965. After the execution of the contract the defendant continued her employment with United. Defendant submitted her letter of resignation on March 20, 1968, to be effective April 20, 1968. Other employees of United likewise submitted resignations at about this same time. Those employees had not signed a contract, although an oral contract was alleged. The defendant and the other employees, together with other persons unrelated to the United operation, had formed Europa Travel Inc., a corporation, to engage in the travel-agency business. The defendant was its president, a director, and apparently one of its principal movers.

There is no controversy but that the defendant secured her training and knowledge of the travel business while employed by United. This training consisted of on-the-job training, and while so employed and as part of her training she engaged in some travel through arrangements by United, and in certain instances United paid all or part of the tab.

Europa Travel was incorporated on March 12, 1968. Its office is in Springfield, some mile and a quarter from the United office. The evidence is rather clear that at least on one occasion the defendant or her associates, now engaged in Europa, solicited a client known to be a client of United. The effort to obtain the travel-tour business of that client was unsuccessful. Europa also, by

its advertising, solicited persons who were or at least had been clients of United.

In January of 1968, United filed a complaint for injunction and for damages. The defendant, as well as two former employees of United, all of whom are now officers and directors of Europa, were named as defendants. As to the defendant, the plaintiff asserted the violation of the terms and provisions of the agreement of the employment contract. Plaintiff sought a preliminary and permanent injunction against all of the defendants, seeking to terminate their travel-agency business within 60 miles of Decatur and Springfield until the two-year period had expired, and seeking to enjoin the solicitation of any clients who had dealings with the plaintiff while the defendant was in its employ. Damages to cover loss of profits were also sought by the complaint.

At the close of the plaintiff's evidence, the trial court dismissed the action as to all defendants except Virginia Weber. Ultimately, a permanent injunction was issued enjoining the defendant from continuing as an officer or director of Europa, or from entering into the travel-agency business either on her own account or in the employment of any other travel service in any capacity for a period of two years within the territory specified in the agreement. The injunction also prohibited solicitation of clients of plaintiff. No damages were assessed.

This appeal is from the permanent injunction. There is no cross-appeal as to the issue of damages nor as to the action regarding the other defendants.

In Central Keystone Plating of Illinois, Inc. v. Hutchison, 62 Ill App2d 188, 210 NE2d 239 (4th Dist 1965), we had occasion to review a case involving a contract restraining an employee from competition with his employer after the termination of the employment. In that case the employee was a sales person or sales manager who traveled an extensive area soliciting customers. The

trial court had dismissed the action holding the contract to be unenforceable and invalid. We reversed and remanded for a hearing on the merits. We there stated (at 191–192 (210 NE2d at 241–242)):

"Covenants ancillary to an employment contract restricting employees or agents from unreasonable competition with a former employer are permissible. They are not per se contrary to public policy and therefore void. House of Vision, Inc. v. Hiyane, 58 Ill App2d 431, 208 NE2d 390. 313–15 Restatement of Contracts. See also 43 ALR2d 93. The rule in this state, as well as most jurisdictions, is that the covenant must be reasonable as to the employee, the employer and the public. Reasonableness is to be determined from the facts and circumstances of each case, and of necessity varies as to area, time and the respective interests of the parties, as well as the degree of fiduciary or confidential relationship existing between them.

"The cases collected in the cited annotation, however, almost uniformly hold that excluding service occupations from an entire state by such a covenant is unreasonable. Territorial restrictions, as to salesmen or route men, greater than the area that was served by them on behalf of the former employer are held unenforceable. 43 ALR2d 118. The rationale of the collected cases is that the employee should be excluded only from territory in which, as a result of his employment, he was able to establish a certain relationship with the employer's customers.

"Where there are special circumstances, such as customer lists, customer contacts, trade secrets or other confidential information, there is a greater willingness to restrain competition. Solar Textiles Co. v. Fortino, 46 Ill App2d 436, 196 NE2d 719 (1964) ; Smithereen Co. v. Renfroe, 325 Ill App 229, 59 NE2d 545 (1945)."

In the Central Keystone Plating case there was an allegation of the existence of special circumstances and that allegation would, of course, stand as being admitted by the motion.

Subsequent to our opinion in that case, the Illinois Supreme Court, in House of Vision, Inc. v. Hiyane, 37 Ill2d 32, 225 NE2d 21 (1967), considered a similar covenant ancillary to an employment contract and held (at 39 (225 NE2d at 25)):

> "To stake out unrealistic boundaries in time and space, as the employer did in this case, is to impose upon an employee the risk of proceeding at his peril, or the burden of expensive litigation to ascertain the scope of his obligation. While we do not hold that a court of equity may never modify the restraints embodied in a contract of this type and enforce them as modified, the fairness of the restraint initially imposed is a relevant consideration to a court of equity. We conclude that the restrictions in the employment contract were not reasonably necessary for the protection of the plaintiff."

In this case counsel for the parties have submitted able briefs collecting cases of diverse points of view involving similar, but not identical, fact situations, and these cases clearly demonstrate the difficulty of announcing hard-and-fast rules in this area. For instance, see the opinion in Arthur Murray Dance Studios of Cleveland, Inc. v. Witter (Ohio), 105 NE2d 685 (1952).

In our review of this record, we find no indication of customer contact that would indicate that the defendant had such dominion over the customers as to cause them to automatically move their travel-agency business from United to Europa. This record does not demonstrate the existence of any trade secrets, the property of United, that were imparted by it to the defendant. Indeed, there is no suggestion that United's travel-agency business was

in substance or in procedure different from that of travel agencies generally. That which the defendant learned from United could be learned at other times and other places. We find no indication of secrets of the particular employer as distinguished from the general trade. The covenant thus becomes one whose purpose appears to prevent competition per se. Professional Business Management, Inc. v. Clark, 83 Ill App2d 236, 227 NE2d 371 (3d Dist 1967).

In view of this and the clear direction contained in the House of Vision case that the fairness of the restraint initially imposed is a relevant consideration to a court of equity, it was error for the circuit court to issue an injunction. The restrictions in the employment contract were not reasonably necessary for the protection of the plaintiff, were unreasonable as to area, and no damages were found by the circuit court. The decree of the Circuit Court of Sangamon County is reversed and the cause is remanded to that court with directions to dismiss the complaint for want of equity.

Reversed and remanded with directions.

TRAPP, P. J. and SMITH, J., concur.