VERNON L. COCKERILL, Plaintiff-Appellee, v. LARRY E. WILSON, Defendant-Appellant.

(No. 11190;

Fourth District—November 19, 1970.

Lewis, Blickhan & Garrison, of Quincy, (George J. Lewis, of counsel,) for appellant.

Foreman, Rammelkamp, Bradney & Hall, of Jacksonville, (Albert W. Hall and Theodore C. Rammelkamp, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Vernon L. Cockerill is the owner of a certain veterinary practice and a small-animal clinic in Rushville, Illinois. He engages in the practice of veterinary medicine from that clinic and in the surrounding territory. In October of 1965, the defendant, Larry E. Wilson, came to Rushville, Illinois, and was employed by Cockerill in the practice of veterinary medicine. In October of 1966, the parties entered into an employment agreement or contract, which said contract contained a covenant providing that in the event of the termination of the association Wilson would not, for a period of five years from the date of the termination of the association, practice veterinary medicine, or operate an animal health supply store or a small-animal clinic, individually or in association with or employment of others, within a radius of 30 miles from Rushville.

The employment agreement, with an effective date of January 1, 1967, was terminated as of the end of January in 1968, and this chancery proceeding was instituted for purposes of enforcing, by injunction, the covenant ancillary to the employment contract. After extensive hearings the circuit court issued an injunction in the language of the covenant, effective for a period of five years, but limited to a radius of 20 miles, the plaintiff having amended the prayer of his complaint reducing the area affected from the 30-mile radius provided in the contract. This appeal is from the injunction thus issued.

In September of 1969, after this appeal was filed, this court issued an order providing that the notice of appeal would act as a supersedeas. Thereafter, on motion of the plaintiff, we vacated the order of supersedeas. The order vacating supersedeas was entered on October 8. The catalyst for that action was the filing on September 26, 1969, of an opinion by the Illinois Supreme Court in the case of *Canfield v. Spear* (1969), 44 Ill.2d 49, 254 N.E.2d 433. In *Canfield* the Supreme Court was concerned with the validity of a restriction by contract upon the right to practice medicine. In that case a dermatologist had entered into a contract which contained a provision that in the event of the termination of the contract he would not practice medicine in Rockford or within a 25-mile radius thereof for a period of three years subsequent to the termination. The circuit court issued an injunction restraining him from practicing in violation of the contract. The doctor had terminated the contract and opened an office in Rockford, sending out announcements

of that fact. On appeal, the Appellate Court had reversed the action of the trial court (99 Ill.App.2d 107, 241 N.E.2d 105 (2nd Dist. 1968).)

The Appellate Court, in its opinion, had reviewed the evidence in the record as to the dermatologist-patient ratio and had concluded that the evidence established that the enforcement of the restriction would be injurious to the welfare of the public in that they would be denied a needed service. Having granted leave to appeal, the Supreme Court reversed the Appellate Court and upheld the validity of the restriction. In so doing the court noted that the *Spear* case was readily distinguishable from an earlier case, *House of Vision, Inc. v. Hiyane* (1967), 37 Ill.2d 32, 225 N.E.2d 21.

In the *Hiyane* case the covenant in the employment contract was one applicable to a radius of 30 miles from any office of the House of Vision, Inc., and had no time period specified. An injunction was ultimately issued enjoining the former employee from competing with the employer for a period of five years and in an area within 20 miles of the former employer's Evanston, Illinois, office. On appeal, the Supreme Court reversed and in so doing observed that the fairness of the restraint initially imposed was a relevant consideration to a court of equity. The court noted that it was not holding that a court of equity could not modify unreasonable restraints and enforce them as to a reasonable area. In the course of its opinion the court noted the distinction between restrictions ancillary to employment contracts and restrictions contained in the sale of a business designed to protect good will or secret processes or other trade secrets.

This court has considered the issue of enforceability of contract restraining an employee from competition with his employer after the termination of the employment in *Central Keystone Plating of Illinois, Inc. v. Hutchison* (4th Dist. 1965), 62 Ill.App.2d 188, 210 N.E.2d 239, and in *United Travel Serv., Inc. v. Weber* (4th Dist. 1969), 108 Ill.App.2d 353, 247 N.E.2d 801.

In the *Hutchison* case we said:

"Covenants ancillary to an employment contract restricting employees or agents from unreasonable competition with a former employeer are permissible. They are not per se contrary to public policy and therefore void. House of Vision, Inc. v. Hiyane, 59 Ill App2d 431, 208 NE2d 390. 313-15 Restatement of Contracts. See also 43 ALR2d 93. The rule in this state, as well as most jurisdictions, is that the covenant must be reasonable as to the employee, the employer and the public. Reasonableness is to be determined from the facts and circumstances of each case, and of necessity varies as to area, time and the

respective interests of the parties, as well as the degree of fiduciary or confidential relationship existing between them.

The cases collected in the cited annotation, however, almost uniformly hold that excluding service occupations from an entire state by such a covenant is unreasonable. Territorial restrictions, as to salesmen or route men, greater than the area that was served by them on behalf of the former employer are held unenforceable. 43 ALR2d 118. The rationale of the collected cases is that the employee should be excluded only from territory in which, as a result of his employment, he was able to establish a certain relationship with the employer's customers.

Where there are special circumstances, such as customer lists, customer contacts, trade secrets or other confidential information, there is a greater willingness to restrain competition. Solar Textiles Co. v. Fortino, 46 IllApp2d 436, 196 NE2d 719 (1964); Smithereen Co. v. Renfroe, 325 IllApp 229, 59 NE2d 545 (1945)." *Central Keystone Plating of Illinois, Inc. v. Hutchison* (4th Dist. 1965), 210 N.E.2d 239, 241-242.

In *Weber* the issue involved was the validity of a covenant restraining competition in the event of the termination of employment with a travel agency. We there concluded that the purpose of the covenant was to prevent competition *per se,* and under the language of *Hiyane* this would amount to unfair initial restraint and be clearly relevant to a court of equity in issuing an injunction.

In the instant case the voluminous record details the nature and extent of the practice, the volume of practice within certain areas and the number of veterinary practitioners available in the area. It is established, for instance, that some ninety per cent of the plaintiff's clients were within a 20-mile radius of Rushville, and it is likewise clear from this record that the area affected has a relatively high population of animals requiring veterinary services. There is testimony to the effect that during the contract year next preceding the termination of this agrement only the plaintiff, defendant and one Dr. Hills, who is an associate of the plaintiff, practiced within 10 miles of Rushville. Two other doctors of veterinary medicine practiced in the 10-to-20-mile limit and 14 veterinarians practiced in the 20-to-30-mile area, for an aggregate total of 18 doctors of veterinary medicine within a 30-mile radius of Rushville. The evidence further establishes that the defendant Wilson had as his specialty the treating of horses, or at least large animals, whereas the plaintiff was more likely to practice at the clinic and with small animals. There is much testimony in the record with reference to contentions between the parties as to whether the plaintiff did or did not comply with all of the terms and conditions of the contract.

In this case, as in *Spear*, it is established that the defendant accepted the benefits of the contract and was well aware of the terms and conditions of the contract including the covenant. We cannot say that the finding of the trial court with reference to the issue of performance by the plaintiff is contrary to the manifest weight of the evidence.

In *Spear* the action of the doctor complained of was that he opened an office in Rockford in disregard of the agreement. Here the allegation is that the doctor practiced in the area in disregard of the agreement. It is noteworthy that by amending his prayer for relief from the express terms of the agreement, *i.e.*, 30 miles, to the lesser area of 20 miles, the plaintiff implicitly acknowledges the questionable reasonableness of this restriction as to area. We agree. We do not understand *Spear* to overrule the observation in *Hiyane* that this is a relevant consideration for a court of equity.

■■ In this case the covenant was to the effect that Wilson would not practice veterinary medicine, operate an animal health supply store or operate a small-animal clinic, individually or in association with others, within a radius of 30 miles from Rushville. While such a restriction is not *per se* unenforceable, it is nonetheless to be strictly construed. We do not deem it is necessary nor mandated by the covenant in affording the plaintiff relief, that the defendant be enjoined from any practice of his profession within the 20-mile radius of Rushville. We construe the covenant to mean that the defendant not operate an animal health supply store or a small-animal clinic or office within the proscribed area, nor practice veterinary medicine from any such facility located within the area. Prohibiting the defendant from practicing his profession within the area but from an office or a clinic, or other professional facility outside the area is not indicated to be required by the covenant nor to protect any reasonable interests of the plaintiff as shown by this record. The injunction issued by the Circuit Court of Schuyler County should be modified and, as modified, should enjoin the defendant from operating an animal health supply story or operating a small-animal clinic or office for the practice of veterinary medicine, individually or in association with or employment of others, within a 20-mile radius from Rushville, Illinois, or practicing veterinary medicine from any such facility located within said 20-mile area for a period of five years from January 30, 1968. The decree of the Circuit Court of Schuyler County is, therefore, affirmed in part, modified in part, and this cause is remanded to that court for the issuance of an injunction in accordance with the views herein expressed.

Affirmed in part, modified in part, and remanded with directions.

SMITH and TRAPP, JJ., concur.