INVESTORS DIVERSIFIED SERVICE, INC., Plaintiff-Appellee, *v.* IMANTS STRAUMIETIS, Defendant-Appellant.

(No. 71-219; ▮▮▮▮▮▮▮

Second District—September 19, 1972.

Raymond T. Brasel, of Batavia, for appellant.

Tyler & Peskind, of Aurora, (Gail L. Erschen, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, a sales representative for plaintiff under written agreements, seeks to set aside a summary judgment entered in favor of the plaintiff for the balance of commissions advanced, amounting to $1,491.82. He argues that alleged oral understandings which modified the written contracts must be considered as disputed facts, entitling him to a jury trial.

However, the record does not support defendant's theory. Plaintiff alleged in its amended complaint that under the agreements signed by defendant, various charges and advances were made in 1967 and 1968 totaling $3,198.28; that commissions and refunds earned by defendant in that period amounted to $1,706.46, leaving a balance due of $1,491.82.

Defendant in his answer admitted the agreements but denied generally that he owed the $1,491.82. Plaintiff filed a motion for summary judgment supported by affidavits specifying the charges and credits. A "Motion to Deny Summary Judgment" was filed, signed by defendant's attorney but unsworn. The motion states, in general terms, that the written contracts "do not constitute the entire agreement between the parties", and that a "*  *  * construction of the entire agreement between the parties, partly oral and partly written, is essential to a disposition of the Complaint  *  *  *." But the motion, in addition to stating conclusions, is not supported by the prior pleadings.

■■ The denial of the amount due in defendant's answer to the complaint, controverted by plaintiff's affidavit in support of its motion for summary judgment, was insufficient to create a genuine issue as to the existence of a subsequent oral agreement or any other material fact within Section 57 of the Civil Practice Act. (Ill. Rev. Stat. 1967, ch. 110, sec. 57; *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 587; *St. Louis Fire and Marine Insurance Co. v. Garnier* (1960), 24 Ill.App.2d 408, 416.) Defendant's failure to file a counter affidavit admitted the facts stated in plaintiff's affidavit; and the sufficiency of the affidavit may not be tested for the first time on appeal. *Fooden v. Board of Governors, supra,* at page 587.

The judgment is affirmed.

Judgment affirmed.

GUILD and T. MORAN, JJ., concur.