NATIONWIDE ADVERTISING SERVICE, INC., Plaintiff-Appellant, *v.* MARTIN J. KOLAR *et al.*, Defendants-Appellees.

(No. 60601;

First District (3rd Division)—May 1, 1975.

Jenner & Block, of Chicago (Robert E. Pfaff, of counsel), for appellant.

Frankenstein, Lewis & Feierberg, of Chicago (A. S. Frankenstein and R. R. Frankenstein, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This matter is before our court for the second time. Nationwide Advertising Service, Inc. brought an action in the circuit court of Cook County to enforce an employee's covenant not to compete with his employer. Plaintiff sought to enjoin Martin Kolar, its former employee, and Bentley, Barnes, & Lynn, Inc., Kolar's present employer, from soliciting or accepting business related to recruitment advertising from certain of plaintiff's past customers, pursuant to a written employment contract. The complaint also sought money damages. Plaintiff filed a motion for a preliminary injunction and, after hearing evidence, the trial court found that

plaintiff's past customers did not represent a proprietary interest that reasonably warranted enforcement of the restrictive covenant. The court denied the motion for preliminary injunction, and plaintiff appealed. We affirmed the action of the trial court. *Nationwide Advertising Service, Inc. v. Kolar* (1973), 14 Ill.App.3d 522, 302 N.E.2d 734.

In the interlocutory appeal, plaintiff maintained that under Illinois law an employer such as it had a legitimate business interest in its customers which was subject to protection through enforcement of an employee's covenant not to compete. Plaintiff also contended that the trial court's finding was erroneous and that the preliminary injunction was wrongfully refused. We did not agree.

Our review of the cases relied on by plaintiff established that an employer's business interest in customers is not always subject to protection through enforcement of an employee's covenant not to compete. Such interest is deemed proprietary and protectable only if certain factors are shown. A covenant not to compete will be enforced if the employee acquired confidential information through his employment and subsequently attempted to use it for his own benefit. (*Smithereen Co. v. Renfroe* (1945), 325 Ill.App. 229, 59 N.E.2d 545.) An employer's interest in its customers also is deemed proprietary if, by the nature of the business, the customer relationship is near-permanent and but for his association with plaintiff, defendant would never have had contact with the clients in question. (*Cockerill v. Wilson* (1972), 51 Ill.2d 179, 281 N.E.2d 648; *Canfield v. Spear* (1969), 44 Ill.2d 49, 254 N.E.2d 433.) Conversely, a protectable interest in customers is not recognized where the customer list is not secret (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill.2d 32, 225 N.E.2d 21), or where the customer relationship is short-term and no specialized knowledge or trade secrets are involved. (*United Travel Service, Inc. v. Weber* (1969), 108 Ill.App.2d 353, 247 N.E.2d 801.) Under these circumstances the restrictive covenant is deemed an attempt to prevent competition per se and will not be enforced.

Applying these principles to the facts brought out at the original hearing, this court held in the interlocutory appeal that a proprietary, protectable business interest in plaintiff's past customers had not been shown. In making this determination, we relied heavily on the uncontradicted testimony of Lehman M. Brauer, vice-president of Worldwide Agency. Worldwide was a competitor of both plaintiff and defendant Bentley in the recruitment advertising business. Brauer's testimony, set forth fully in our earlier opinion, established that in the recruitment advertising business the identity of a firm's customers is not confidential. Information as to which of the various firms in the area are placing advertising for a certain customer is readily available and considered "pretty general

knowledge." He also stated that in recruitment advertising an agency's relationship with its customers is characteristically transitory and often dependent upon factors over which the agency has no control. Brauer testified that, in a normal year, 20 to 25 percent of his business was not business he had during the previous year. In light of Brauer's undisputed testimony, we rejected plaintiff's argument. We also affirmatively found that the interest advanced by plaintiff was not protectable under Illinois law and that the restrictive covenant was unenforceable as an effort to prevent competition per se.

Thereafter, in February 1974, plaintiff served notice of the taking of Kolar's deposition and also sought leave to file an amendment to its complaint. Kolar petitioned the trial court for a protective order as to the taking of his deposition. He also filed a motion for summary judgment on the ground that this court's decision in the first appeal was dispositive of the entire case. Plaintiff filed no objection, answer or counter-affidavit. After hearing arguments, the trial court granted summary judgment in favor of defendants. On appeal plaintiff contends that the trial court erred in denying it a trial on the merits, and that the trial court abused its discretion in denying plaintiff leave to file its amended complaint.

Plaintiff argues that the trial court's action in granting summary judgment to defendants was based on a misapprehension of this court's decision in the interlocutory appeal. Under plaintiff's view, the trial court erroneously assumed that our earlier decision conclusively determined that plaintiff's business interest was not subject to protection and that the restrictive covenant was unenforceable as a matter of law. Plaintiff maintains that in the interlocutory proceedings this court was confined to and determined only that the evidence adduced at the original hearing failed to show that plaintiff had a proprietary interest in its customers. Plaintiff insists that this determination was not intended to foreclose it from a trial on the merits, which would include an opportunity to demonstrate, through presentation of its whole case, that a protectable, proprietary interest in its customers did exist.

■■ Plaintiff is correct in asserting that one seeking a preliminary injunction is not required to make out a case which, in all events, will entitle it to the permanent relief sought. (*Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570, 21 N.E.2d 723.) It is also true that the merits of a case are not passed on when a court considers the propriety of granting or denying a preliminary injunction. (*Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill.App.3d 592, 312 N.E.2d 61; *United Mail Order, Warehouse & Retail Employees*

*Union, Local 20 v. Montgomery Ward & Co.* (1955), 6 Ill.App.2d 477, 128 N.E.2d 645.) Despite the validity of these general propositions, we cannot accept plaintiff's contention that the motion for summary judgment was improperly allowed.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57) provides for the entry of summary judgment where there is no issue of any material fact and the case may be summarily disposed of on issues of law. Affidavits filed in support of the motion must be strictly construed against the movant and the party's right to judgment must be free from doubt. (*Reith v. General Telephone Co.* (1974), 22 Ill.App.3d 337, 317 N.E.2d 369.) However, where the facts alleged in a motion for summary judgment are not contradicted by counteraffidavits, the facts so averred must be taken as true. (*Leon v. Max E. Miller & Son, Inc.* (1974), 23 Ill. App.3d 694, 320 N.E.2d 256.) A contrary averment in the pleadings of the adverse party is not sufficient to raise a genuine issue of fact in the face of an affidavit or uncontroverted testimony. *Murphy v. Cory Pump & Supply Co.* (1964), 47 Ill.App.2d 382, 197 N.E.2d 849.

■■ In the present case, defendants' affidavit set forth that, on the basis of certain uncontroverted evidence, the restrictive covenant had been ruled unenforceable as an attempt to prevent competition. As we have noted, plaintiff did not object to the sufficiency of the affidavit at the time of filing, and the issue may not be raised for the first time on review. (*Investors Diversified Service, Inc. v. Straumietis* (1972), 7 Ill.App.3d 424, 287 N.E.2d 734.) If, as plaintiff maintains, our findings in the earlier appeal were based on incomplete evidence and therefore inconclusive, it should have filed a counteraffidavit to this effect. Since plaintiff failed to respond to defendant's motion, the trial court properly concluded that all relevant facts had been presented to the court at the preliminary injunction hearing and that the covenant not to compete was unenforceable as a matter of law. Because plaintiff raised no issue of fact as to the nature of its business interest or the enforceability of the covenant not to compete, summary judgment was properly entered.

Plaintiff next contends that the trial court abused its discretion in denying it leave to file an amendment to the complaint. Relying on *Able v. Pure Oil Co.* (1972), 8 Ill.App.3d 558, 290 N.E.2d 331, plaintiff argues that an amendment ought to be allowed when not to do so would prejudice plaintiff and when to do so would not prejudice defendant.

Plaintiff's case was not prejudiced by the court's refusal to allow amendment of the complaint. The proposed amendment recited facts establishing that prior to his employment by plaintiff, Kolar had not been involved in the recruitment advertising business, and that the customers he ser-

viced had become customers prior to his employment or through the efforts of other persons. These additional facts would not be sufficient to establish that plaintiff's interest in its customers was subject to protection through enforcement of an employee's covenant not to compete. As the proposed amendment presented no facts that would alter the outcome, we do not believe that the trial court abused its discretion in denying leave to amend the complaint.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.