**Beltone Electronics Corporation, Plaintiff-Appellee, v. Victor G. Smith, Defendant-Appellant.**

**Gen. No. 49,206.**

First District, Second Division.

October 15, 1963.

Rehearing denied November 5, 1963.

Rothschild, Hart, Stevens & Barry, of Chicago (William G. Myers, of counsel), for defendant-appellant.

Leibman, Williams, Bennett & Baird, of Chicago (David P. List, Robert E. Mason and William P. Colson, of counsel), for plaintiff-appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Victor G. Smith appeals from the order for a temporary injunction restraining him, a former employee, from disclosing or using at any time, any secret or confidential information or knowledge attained or acquired by him while employed by Beltone Electronics Corporation and from directly or indirectly performing at any time on or before February 1, 1964, any services for or continuing or accepting employment by or association in any capacity with Zenith Radio Corporation. The Chancellor rejected the recommendations of a Master in Chancery that the application for preliminary injunction be denied.

On May 13, 1957, defendant was hired by Beltone as chief industrial engineer. His initial task was to set up an industrial engineering department and assume responsibility for production control. At the time defendant ceased employment with Beltone he was manager of manufacturing. Smith's duties were largely administrative. He was not an inventor, designer or chemist. When Smith joined Beltone he signed an employment agreement with his employer which states that Smith, "shall not disclose or use at any time, either during or subsequent to his employment by Employer, any secret or confidential information or knowledge obtained or acquired by Employee while in Employer's employment; . . . that he will not, at any time within one (1) year subsequent to the termination of his employment with Employer, however occurring, directly or indirectly perform any service or be employed by, or become associated in any capacity with, any person, firm or corporation engaged in the manufacture or sale of hearing aids or hearing aid accessories or audiometers or be engaged on his own behalf in the manufacture or sale of any such products; . . . that for a violation

114

by Employee of any of the covenants of this Agreement, Employer may have an injunction restraining Employee therefrom." The agreement was not limited as to its geographic scope.

The defendant, in the fall of 1961, began putting out "feelers," answering advertisements and mailing out resumes. He had interviews with Zenith Corporation in December 1962 and was employed by it on January 8, 1963. His position with Zenith Corporation was that of director of hearing aid production. Defendant left Beltone on February 1, 1963. Prior to his termination of employment with Beltone he was warned against taking employment with a competitor. He commenced to work for Zenith on February 18, 1963. An announcement of his retention by Zenith appeared in the Chicago press on February 26, 1963 and shortly thereafter the instant complaint was filed.

The 1931 case of Parish v. Schwartz, 344 Ill 563, 176 NE 757, has spelled out the general Illinois rule with respect to enforcement of restrictive covenants in employment contracts. Where a covenant places restrictions upon a party not to engage in subsequent competitive employment or in a competitive line of trade, these restrictions must be reasonably related to safeguarding the employer without putting unreasonable restraints upon trade. An employee, after severing connections with his employer may compete with the former employer in his new position unless restricted by contract. While limitations may be placed upon an employee's freedom of action these limitations must conform to a test of reasonableness which will be stricter in the case of employment contracts. Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652.

The restatement of contracts, Secs 313 to 315, 1932, states a test for the validity of post-employment restraints. Such restraining covenants are rea-

sonable if (1) the restraint is no greater than that required for the protection of the employer, (2) they do not impose undue hardship on the employee, and (3) these are not injurious to the public. Similar language appears in Bauer v. Sawyer, 8 Ill2d 351, 134 NE2d 329. It does not appear that the activities of the defendant while performing his duties for the plaintiff were such as to require a covenant which would prevent him from obtaining subsequent employment with a competitor for a period of 1 year. From the nature of Smith's work at Beltone and his non-technical position, the restraint upon his engaging in any other employment within 1 year would not be likely to produce corresponding benefits for the plaintiff. The covenant in prohibiting defendant's employment by anyone engaged in the manufacture or sale of hearing aids by anyone in any place goes farther than necessary to protect the plaintiff. Defendant by the covenant cannot be employed in a nonhearing aid capacity by firms employed in the manufacture or sale of other products as well as hearing aids.

This court in Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652, pointed out that Bauer v. Sawyer, 8 Ill2d 351, 134 NE2d 329, is not applicable to a restrictive covenant in an employment contract. The court restrained Dr. Sawyer from practicing medicine for a period of 5 years within a radius of 5 miles of Kankakee. The Supreme Court intended no departure from the rule announced in previous cases. See Hursen v. Gavin, 162 Ill 377, 44 NE 735.

The case of World Wide Pharmacal Distributing Co. v. Kolkey, 5 Ill App2d 201, 125 NE2d 309, relied upon by plaintiff, is not applicable to the facts at hand. The defendant there acquired an intimate knowledge of the methods and procedures used in the plaintiff's business, including the formula in the manufacture of a product. He also secretly organized a corporation and began distribution of the product. In

116

the Kolkey case the former employee was engaged in unfair competition. The defendant in the case at bar had no such secret information nor was his conduct reprehensible. He was not using knowledge of any trade secret to benefit his new employer.

The business of plaintiff is highly competitive. The burden of business risks, inherent in its operation, however, cannot be allocated to the employee by placing such wide restrictions upon his right to future employment.

We feel that the covenant falls within the rule announced by the Supreme Court in Parish v. Schwartz, 344 Ill 563, 176 NE 757 and followed by us in Brunner & Lay, Inc. v. Chapin, 29 Ill App2d 161, 172 NE2d 652. The order granting the temporary injunction is reversed.

Order reversed.

FRIEND and BRYANT, JJ., concur.