(No. 39737.—

THE HOUSE OF VISION, INC., Appellee, *vs.* WILLIAM M. HIYANE *et al.,* Appellants.

*Opinion filed March 29, 1967.*

LEONARD ROSE and HUGH M. MATCHETT, both of Chicago, for appellants.

LAWRENCE J. WEST, LEO SPIRA, and STUART WEST, all of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an action to enforce an employee's covenant not to compete with his employer. The plaintiff, The House of Vision, a corporation engaged in selling spectacles, contact lenses and other optical products, employed the defendant, William M. Hiyane, from 1959 to 1964, first as a contact

lens grinder and later as a contact lens fitter. Early in 1964 Hiyane resigned and began working for co-defendant Acro Contact Lens Service, Inc., at a location 150 feet from plaintiff's Evanston office. The plaintiff brought the present action to enjoin Hiyane from working for Acro and to enjoin Acro from employing him.

The action is based upon Hiyane's employment contract, by which House of Vision promised to employ Hiyane for one year at a specified rate, and Hiyane promised: "6. Upon the termination of his employment for any cause whatsoever, the Employee shall not engage, directly or indirectly, in the same or similar business as that of the Employer, anywhere within a radius of Thirty (30) miles from any office of the Employer in, or from which, the Employee rendered services at any time during his employment with the Employer." Hiyane rendered services for the plaintiff in Chicago, Evanston, Highland Park and Waukegan. Highland Park is about 23 miles north of Chicago and Waukegan is about 35.

The case was referred to a master who heard testimony and filed an interim report. Following the master's recommendations, the court entered an order holding the sixth paragraph of the employment contract unenforceable and void because it would be harsh and oppressive to the defendant, injurious to the public and consequently unreasonable. The plaintiff's prayer for an injunction preventing Hiyane from engaging in a business similar to the plaintiff's within thirty miles of plaintiff's Evanston office was denied, as was an injunction forbidding Acro to hire Hiyane. Pending a full hearing by the master, however, Hiyane was enjoined from soliciting patients or customers for whom he had done work while employed by the plaintiff.

Upon the plaintiff's interlocutory appeal, the appellate court reversed and remanded, stating: "The master found— and it was sustained by the court—that the covenant was void. This was apparently based upon the master's conclu-

sion that, although the area restriction in the agreement was reasonable, the absence of a time limitation alone rendered the contract unreasonable and unenforceable. With this latter conclusion we do not agree. When there is no time limit specified in the contract it will not fall simply on that account, as a reasonable time will be inferred or imposed. It is our opinion, therefore, that the enforceability of the covenant by injunction is a matter for determination on a full hearing." *House of Vision* v. *Hiyane,* 58 Ill. App. 2d 431, 440-41.

On remand the master heard further evidence and recommended that Hiyane be enjoined from selling, dispensing, or fitting contact lenses or rendering service to wearers within twenty miles of plaintiff's Evanston office for a period of five years, and that Acro be enjoined from employing Hiyane in those capacities in the restricted area recommended by the master, for five years. The trial court entered such an injunction, and allocated the master's fees, in the sum of $3,043.25, one fourth to the plaintiff and three fourths to Hiyane.

On this direct appeal the defendants first argue that the trial court had no authority to refer the case to a master in chancery since fee officers, including masters in chancery, were abolished by section 8 of the new article VI of the Illinois constitution, which became effective before this action was commenced. They also contend that the trial court unconstitutionally impaired the obligation of the contract between the parties when it substituted its own restriction on competition for that agreed to by the parties. And apart from constitutional contentions they urge that the record in this case does not support any restriction on competition.

We do not agree with the defendants that section 8 of article VI of the constitution forbade reference of the present case to a master in chancery. The provision of that section that there "shall be no masters in chancery or other fee officers in the judicial system" must be read in conjunction

with paragraph 8 of the Schedule accompanying the new article VI, which states: "Notwithstanding the provisions of Section 8 of this Article, masters in chancery and referees in office in any court on the Effective Date of this Article shall be continued as masters in chancery or referees, respectively, until the expiration of their terms, and may thereafter by order of court, wherever justice requires, conclude matters in which testimony has been received." The controversy in the present case turns on the word "thereafter." It refers either to the effective date of the Judicial Article, January 1, 1964, or to the expiration date of the term of office of the master. Under the first reading, the reference in the present case was prohibited; under the second it was permitted. Our Rule 14—1 adopted the latter interpretation, (Ill. Rev. Stat. 1965, chap. 110, par. 101. 14—1.) and the defendant challenges its constitutionality.

Rule 14—1 did not, as the defendants urge, conflict with the language of paragraph 8 of the Schedule. That paragraph continued masters in chancery in office during the interval between the effective date of the new article and the expiration of their terms of office. To authorize masters, during that interval, to conclude matters in which testimony had been received before the effective date, it was not necessary that they be continued in office. Since they were continued in office, no additional explicit authorization was necessary to enable them to hear cases referred to them during that interval. The defendants' reading would render almost meaningless the clause which grants authority to "conclude matters in which testimony has been received", and would convert what is stated as an express grant of authority into an implied limitation. That clause is not surplusage if the word "thereafter" refers to the expiration of the terms of office of masters in chancery. We hold, therefore, that the master had authority to hear the present case.

On the merits the defendants raise another constitu-

tional issue. They assert that the decree of the trial court impaired the obligation of the employment contract by imposing upon the parties conditions to which they did not agree, in lieu of the void conditions contained in the contract. The restraints actually imposed by the injunction differed substantially from those fixed by the contract. The area restriction contained in the contract covered a radius of 30 miles from each of two points which are more than 20 miles apart on a north and south line if Highland Park is the northernmost operation covered in the contract, and 35 miles apart if the plaintiff's wholesale operation in Waukegan is included. The injunction sought by the plaintiff was limited to a thirty-mile radius from its Evanston office, which was substantially less than the area fixed by the contract. The decree of the trial court further reduced the area limitation, apparently on the ground that the relief sought by the plaintiff was unreasonable, to that area included in a radius of 20 miles from the plaintiff's Evanston office. The duration of the restriction in the contract was unlimited —it covered Hiyane's entire life. The decree of the trial court substantially reduced this limitation; its injunction was operative only for 5 years from the date of the decree.

The validity of a contract in restraint of competition is conditioned upon its reasonableness in terms of its effect upon the parties to the contract and the public. "In determining whether a restraint is reasonable it is necessary to consider whether enforcement will be injurious to the public or cause undue hardship to the promisor, and whether the restraint imposed is greater than is necessary to protect the promisee. *Hursen* v. *Gavin,* 162 Ill. 377; Restatement of the Law, Contracts, secs. 515, 516." *Bauer* v. *Sawyer,* 8 Ill.2d 351, 355.

When a business is sold, restraints may be imposed to protect the value of the good will transferred, (*Hursen* v. *Gavin,* 162 Ill. 377,) and where specialized knowledge, such as secret processes or the like are involved, restraints may

protect against the competition resulting from disclosure or appropriation. See, *e.g., Victor Chemical Works* v. *Iliff,* 299 Ill. 532; *Schulenburg* v. *Signatrol, Inc.,* 33 Ill.2d 379.

Those factors are not present in this case. Here the interest to be protected was the interest of the plaintiff in its customers. Hiyane's work had brought him into close contact with them, and while it does not appear that those contacts were frequent, they were of an intimate and highly personal character. With respect to those customers whom he fitted with contact lenses, Hiyane was the principal, if not the only, point of contact between the plaintiff and its customers. On the other hand, the record demonstrates that Hiyane was a highly skilled employee whose work was of a superior quality. By the terms of the contract, if he was to utilize that skill, it would be necessary for him to move himself and his family a considerable distance—beyond an area that contains over one half of the population of the State of Illinois, and extends into Wisconsin on the north and Indiana on the south. In that area, there are substantial numbers of ophthalmologists and numerous important medical centers. It is undisputed that over 90% of the plaintiff's customers were referred to it by ophthalmologists.

During Hiyane's employment by the plaintiff, he served from 700 to 800 customers at the plaintiff's Evanston office and almost an equal number at its Highland Park office. He testified that he kept a list of persons for whom he had rendered service while employed by plaintiff, learned their names and came to know their requirements and problems. He also testified that he destroyed the list when he ceased working for the plaintiff. He did mail about 23 announcement cards when he began work with Acro. He testified that the announcements were sent to ophthalmologists and the record does not show that any were received by customers of the plaintiff, with the exception of a single customer who had requested notification if Hiyane changed jobs. The identity and location of the ophthalmologists was not a

matter in which the plaintiff had a proprietary interest, and the fact that the ophthalmologists preferred to have Hiyane fit their patients with contact lenses suggests an interest on the part of the public in the continued availability of his services.

The logic of the constitutional argument urged by the defendants would seem to preclude a court of equity, on constitutional grounds, from any modification of a contract, however slight. Yet as the plaintiff points out, both area and time limitations contained in contracts restraining competition have been modified and enforced by courts of equity. Some courts have refused to modify restrictions that are ancillary to an employment contract, as distinguished from a contract designed to protect good will in the case of the sale of a business, or secret processes or other trade secrets. (See, Blake, Employee Agreements Not to Compete, 73 Harv. L.R. 625, 646-51; 6A Corbin, Contracts, section 1394; Williston, Contracts, sections 1643, 1659-60.) In the present case the restrictions clearly extend far beyond those necessary to the protection of any legitimate interest of the plaintiff, and we find it unnecessary to pursue the defendants' constitutional argument.

To stake out unrealistic boundaries in time and space, as the employer did in this case, is to impose upon an employee the risk of proceeding at his peril, or the burden of expensive litigation to ascertain the scope of his obligation. While we do not hold that a court of equity may never modify the restraints embodied in a contract of this type and enforce them as modified, the fairness of the restraint initially imposed is a relevant consideration to a court of equity. We conclude that the restrictions in the employment contract were not reasonably necessary for the protection of the plaintiff.

The decree of the circuit court assessed three fourths of the master's fee against Hiyane. In our opinion this and other costs should be borne by the plaintiff. The decree of

the circuit court of Cook County is reversed, and the cause is remanded to that court with directions to dismiss the complaint for want of equity and to assess the fees of the master in chancery and other costs against the plaintiff.

*Reversed and remanded, with directions.*