STATISTICAL TABULATING CORPORATION, Plaintiff-Appellee, *v.* JOHN G. HAUCK, d/b/a OFFICE SKILLS, Defendant-Appellant.

(No. 57414;

First District (1st Division)—February 7, 1973.

Ordower & Ordower, of Chicago, for appellant.

Russell J. Topper, of Chicago, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Statistical Tabulating Corporation (plaintiff) brought action against John G. Hauck, doing business as Office Skills (defendant), seeking injunctional enforcement of a restrictive covenant. The trial court entered judgment on the pleadings granting enforcement of the covenant as modified by the court. Defendant appeals. A factual statement is required before stating the contentions of the parties.

■■ Since judgment was entered on the pleadings (Ill. Rev. Stat. 1971, ch. 110, par. 45(5)), the facts must be gleaned from the pleadings themselves without evidence. (*Vogelsang v. Credit Life Insurance Co.*, 119 Ill.App.2d 67, 73, 255 N.E.2d 479.) Plaintiff's business consists primarily of supplying data processing and temporary office help to other companies and organizations. Its offices are located in Chicago but it has branch activities in other portions of the country. Defendant was employed by plaintiff commencing October 7, 1963. He was a sales representative in Chicago until June, 1966; sales manager until April, 1967 and national sales manager until his employment terminated on November 19, 1971. Plaintiff alleged that defendant was a divisional vice president for the last year of his employment but defendant denied this and alleged that, although he had this title, he had no duties or salary commensurate with the office.

On June 1, 1967, plaintiff and defendant executed an agreement cast in the form of a letter from defendant to plaintiff. The record does not show who prepared this agreement. In this letter, defendant stated his understanding that he was "* * * likely to become familiar with secret or confidential information of the corporation." Defendant then stated that "* * * in consideration of my employment by the corporation, I agree that during my employment and after the termination of my employment for any cause * * *" he would not divulge, use or sell business or trade secrets, customer lists or any other secret or confidential information of plaintiff. Defendant further agreed "* * * in consideration of my employment by the corporation * * *" that upon termination of his employment for any cause whatsoever he would not for two years thereafter, directly or indirectly, engage in a business similar or competitive to that of plaintiff within 100 miles from the city in which he was then employed; within a radius of 100 miles from any part of 19 other designated cities in various parts of the United States from California to New York (Atlanta, Boston, Dallas, Los Angeles, San Francisco, *etc.*) or within a radius of 100 miles from any part of any city in which plaintiff or an affiliated company was operating at the time his employment was terminated.

It is undisputed that defendant's employment was terminated on

November 19, 1971. It is also undisputed that defendant violated the negative covenant by organizing his own business known as Office Skills which competed with the business of plaintiff in Chicago. The trial court granted plaintiff's motion for judgment on the pleadings and defendant was permanently enjoined and restrained from operating his business of Office Skills or any related business in violation of the agreement in competition with plaintiff and also from acting in any manner to operate or engage in the business of supplying or furnishing temporary office help until November 19, 1973. The judgment also provided "* * * that the aforesaid contract of June 1, 1967 is hereby modified to reduce the geographical area as prescribed therein to an area equivalent to a radius of 25 miles of Chicago, Illinois."

Defendant contends that the restrictive covenant is not based upon a sufficient consideration because it is not ancillary to another contract and sets forth no additional consideration. Defendant also contends that the covenant is invalid because it is unreasonable in terms of its effect upon the parties thereto and the public. Plaintiff urges that continued employment of defendant was a sufficient consideration for validity of the covenant and that the covenant was reasonable and enforceable so that defendant, having accepted the benefits of continued employment, should be required to bear the burdens thereof.

■■ We first consider the issue of validity of the covenant. It is a sound and accepted principle in Illinois that the enforceability of this covenant "* * * in restraint of competition is conditioned upon its reasonableness in terms of its effect upon the parties to the contract and the public." (*House of Vision, Inc. v. Hiyane*, 37 Ill.2d 32, 37, 225 N.E.2d 21.) It is only in situations in which the limitations in the covenant as to time and territory are not unreasonable that a contract of this type in restraint of trade will be enforced. (*Canfield v. Spear*, 44 Ill.2d 49, 50, 51, 254 N.E.2d 433.) "Whether the contract under consideration is reasonable or contrary to public policy is a question of law." *Barrington Trucking Co. v. Casey*, 117 Ill.App.2d 151, 156, 253 N.E.2d 36, citing *Tarr v. Stearman*, 264 Ill. 110, 118, 119, 105 N.E. 957.

■■ Testing the covenant in the case at bar as originally drafted against this standard, the conclusion of unreasonability is manifest. The necessity of restricting defendant's activities within a radius of 100 miles from the city of Chicago does not appear from any allegation of the complaint. The unreasonability of the restriction appears patent and conceded because of the reduction of the distance to 25 miles in the judgment order appealed from. Similarly, no justification appears for the harsh restriction against defendant's activities within a radius of 100 miles from so many enumerated cities. This restriction covers a substantial area of the entire

country. The conclusion, therefore, is readily reached that the covenant in its original form could not be the subject of injunctional enforcement. ■■ We consider next whether the court properly modified this covenant; or, to state the matter differently, whether the court properly elected partially to enforce the covenant in an effort to obtain reasonability. The principle has been stated that in a situation of this type, "* * * the fairness of the restraint initially imposed is a relevant consideration to a court of equity." (*House of Vision, Inc. v. Hiyane*, 37 Ill.2d 32, 39, 225 N.E.2d 21.) Basically, it appears that there is some division in legal thought regarding solution of this problem. Some courts have modified and then enforced negative covenants which restrain competition. Other courts will do so only in cases involving protection of goodwill in sale of a business, secret processes or trade secrets. (See *House of Vision, Inc. v. Hiyane*, 37 Ill.2d 32, 39, 225 N.E.2d 21). In *House of Vision, Inc.*, the covenant as originally written into an employment contract contained no time limitation and was operative within a range of 30 miles from any office of the employer or any office from which the employee had rendered services during his employment. After hearing evidence, the trial court modified the covenant to an area 20 miles from one office of plaintiff for a period of five years. The Supreme Court held that this attempted restraint was contrary to law.

Looking to additional Illinois authorities, we find several applicable cases decided after *House of Vision, Inc.* (1967). In *L. & R. Insurance Agency, Inc. v. McPhail*, 92 Ill.App.2d 107, 235 N.E.2d 153, the covenant in an employment contract covered the entire state of Illinois for an unlimited time period. After hearing evidence, the trial court enforced the restrictive covenant for three years only. This court held that the restriction as originally drafted was not necessary to protect any legitimate interest of the employer and therefore enforcement of the covenant, as modified, was refused. The court held that (92 Ill.App.2d 107, 113):

"Since the restriction was void and unenforceable, the trial court could not cure the restriction by imposing a limitation on it."

The decision in *L. & R. Insurance Agency, Inc.* could be construed from this language as reasoning deductively that since the original covenant was unreasonable in its time and space limitations, it followed necessarily that the agreement could not be the subject of modification and enforcement by the court. Application of this principle would require us to deny enforcement of the covenant as modified. However, the court in *L. & R. Insurance Agency, Inc.* pointed out that the modified restraint imposed by the trial court "* * * appears to be a device to protect the plaintiffs against competition rather than a reasonable protection of their interests." 92 Ill.App.2d 107, 112.

We find these same principles applied in the later case of *Barrington Trucking Co. v. Casey*, 117 Ill.App.2d 151, 253 N.E.2d 36. There, the employment contract restricted the employee from engaging in a competing business for three years in any area or territory in any state in which the employer or its subsidiaries was engaged in business at the time the employee left. The trial court granted a motion to dismiss the suit and this ruling was affirmed. The court cited *L. & R. Insurance Agency, Inc.*, and *House of Vision, Inc.*, and came to the conclusion that, since the employment contract as initially prepared covered an unreasonable area, the contract was void. Apparently the court also found a lack of need on the part of the employer for any injunctional protection from the fact that the employer's complaint as amended failed to allege that the employee had used any confidential matter supposedly furnished to him.

In *Central Specialties Co. v. Schaefer*, 318 F. Supp. 855, the United States District Court for the Northern District of Illinois had before it for enforcement a negative covenant in a contract for sale of a business and assets. The period of restriction was five years and the covenantors agreed not to work for any firm manufacturing competitive items, without territorial limitation. The court refused to enforce the covenant and granted a motion by the defendants for summary judgment. The court analyzed many of the Illinois decisions commencing with the general theory that the courts of Illinois have historically refused to enforce contracts in general restraint of trade. The court pointed out that such covenants are enforceable if they are "* * * reasonably related to safeguarding the employer without putting unreasonable restraints upon trade." (318 F.Supp. 855, 858, citing *Beltone Electronics Corp. v. Smith*, 44 Ill.App.2d 112, 115, 194 N.E.2d 21.) The court held that a contract which originally contains an illegal restraint cannot "* * * be reformed so as to become enforceable within a reasonable geographic area." (318 F.Supp. 855, 859.) In this regard, the court specifically relied upon *L. & R. Insurance Agency, Inc.* and *House of Vision, Inc.*, *supra*.

■■ We, therefore, are in accord with the established weight of authority in Illinois when we hold that the attempted restriction upon the employee in the case at bar, being manifestly unreasonable in its inception, was unenforceable and cannot be given legal life by an attempted partial enforcement; and, further, that no showing is made here of possible irreparable injury or grave necessity for the imposition of restraint by the covenant as modified to afford reasonable protection to the rights of the employer. It appears from the allegations of plaintiff's complaint that it is engaged primarily in the business of procuring temporary office help.

The complaint alleges that defendant "* * * has and is and will continue * * *" to "* * * unlawfully misappropriate customer lists, notes, documents and other written materials of * * *" plaintiff. Defendant has denied these allegations in a verified answer. Defendant has also alleged affirmatively, without denial by plaintiff, that "No secret or confidential information, business secrets, trade secrets, confidential business methods or customer lists were disclosed to Defendant." Defendant similarly alleges in his answer that he "* * * primarily served the plaintiff in an administrative capacity as a manager." Plaintiff's motion for judgment on the pleadings admits the truth of these, and all other, facts well-pleaded by defendant. *Cunningham v. MacNeal Memorial Hosp.*, 47 Ill.2d 443, 448, 266 N.E.2d 897.

It follows that the restrictive judgment was improvidently entered and should be reversed. We need not consider whether the agreement is based upon a sufficient consideration.

Judgment reversed.

BURKE, P. J., and EGAN, J., concur.