U-HAUL COMPANY OF CENTRAL ILLINOIS, Plaintiff- Appellee, v. RON HINDAHL, d/b/a H & M Camper Sales, et al., Defendants-Appellants.

Third District    No. 80-293

Opinion filed November 21, 1980.—Rehearing denied December 22, 1980.

Ward, Lalos, Leeds, Keegan & Lett, of Washington, D. C., Heyl, Royster, Voelker & Allen, of Peoria, and David Leibowitz, of Coral Gables, Florida (Henry W. Leeds, Richard N. Molchan, and Timothy L. Bertschy, of counsel), for appellants.

Bret S. Babcock, William R. Kohlhase, and Brian W. Ruddel, all of Davis & Morgan, of Peoria, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an interlocutory appeal from the granting of preliminary injunctive relief to plaintiff U-Haul Company of Central Illinois (hereinafter U-Haul) as against defendants Ron Hindahl, d/b/a H & M Camper Sales, and J. L. Hasty, d/b/a Jim's Standard Service (hereinafter "Hindahl" and "Hasty"). From 1966 until April of 1980 both Hindahl and Hasty operated U-Haul dealerships in Pekin. Their dealership contracts with U-Haul contained a restrictive covenant in which they agreed to refrain from competing (in the rental business of truck and trailer equipment) with U-Haul for a specified period of time after termination of their U-Haul dealership agreements. The covenant restricting competition is principally involved in the instant case.

In March of 1980, both Hindahl and Hasty began operating as dealers in the truck and trailer rental business for Jartran, Inc., a competitor of U-Haul. In April of 1980 both men terminated their agreements with U-Haul, after U-Haul learned of their switch to Jartran. Thereafter, U-Haul filed the instant action seeking to enforce the restrictive covenant and seeking monetary damages. U-Haul moved for preliminary injunctive relief to enforce the restrictive covenant, pending a trial on the merits. After a hearing in which affidavits were submitted and counsels' arguments heard, the circuit court entered an order granting a preliminary injunction prohibiting Hindahl and Hasty from competing in any way in the truck and trailer rental business with U-Haul in Tazewell County. Hindahl and Hasty were required to cease their Jartran operations. From the granting of that preliminary relief, Hasty

and Hindahl appeal. Their motion for stay of the injunction was denied by the trial court. On this appeal, they now raise issues as to the sufficiency of the proof on questions of (1) U-Haul's possession of a legitimate business interest in need of protection; (2) the adequacy of U-Haul's remedy at law; (3) the irreparability of the injury to U-Haul; and (4) U-Haul's likelihood of prevailing on the merits.

The record reveals the following facts pertinent to the issues on appeal. Both Hindahl and Hasty had been operating U-Haul dealerships in Pekin since 1966. Originally in business together, they later severed that relationship and each continued in business alone as a U-Haul dealer. Both men signed a 1966 dealership contract with U-Haul. Also in the record are subsequent dealership contracts signed by Hindahl and Hasty individually, Hindahl's in 1972 while Hasty's is undated. Both men continued operations for U-Haul, as dealers, into April 1980. The contracts with U-Haul contained a provision in which Hasty and Hindahl agreed that:

"* * * within the geographical limits of the county of his place of business, he will not represent or render any service either on his own behalf or in any capacity for any other persons, firm or corporation engaged in any rental business which offers the rental of equipment similar to that operated by [U-Haul] for the duration of the then existing telephone directory listing, plus a period of one year from the termination of such telephone directory listing."

Yellow Page telephone advertising for these dealers was paid for by U-Haul and not by the dealers. U-Haul, as it had in past years, had placed advertisements in the 1980 Pekin telephone directory, which is circulated throughout Tazewell County. That advertising identified business locations for Hindahl and Hasty as U-Haul dealerships and also listed their telephone numbers as U-Haul numbers.

In March 1980, while still operating as U-Haul dealers, Hindahl and Hasty were allegedly contacted by a Jartran regional manager. Jartran is a relative newcomer in the truck and trailer rental business. In March 1980, Hindahl and Hasty state, the return on their U-Haul operations had fallen off drastically. They state, by way of affidavit, that a 1978 change in U-Haul policy with respect to one-way rental equipment resulted in severely diminished profits and undermined their successful operations. Hasty and Hindahl became Jartran dealers in March 1980. Neither man apparently notified U-Haul, and both carried Jartran and U-Haul equipment on their lots. Both continued receiving phone calls at the numbers, identified as U-Haul's, in the Yellow Pages. When U-Haul became aware of the Jartran equipment and operation, they objected. Hindahl and Hasty then advised them of their wish to terminate their U-Haul dealerships. They were permitted to do so immediately. Thereafter, up

until the time of the court's order in this case, they continued to operate as Jartran dealers, using the same phone numbers and locations as they had as U-Haul dealers.

U-Haul filed the instant action against Hindahl and Hasty, and it also moved for preliminary injunctive relief against them to prevent them from continuing their Jartran dealerships in Tazewell County, pending a hearing on the merits as to the restrictive covenants. After hearing evidence and argument the court found that valid and enforceable agreements between U-Haul and Hindahl and Hasty had been violated and that the covenants not to compete in those agreements were reasonable. The court also found that U-Haul was without adequate remedy at law and that it had a likelihood of ultimately prevailing on the merits. The trial court granted U-Haul's request for preliminary injunctive relief in accordance with the provisions of the restrictive covenants.

■■ The general rules applicable to the issues on this appeal are well established.

> "To justify issuance of a preliminary injunction, plaintiff must establish by a preponderance of the evidence: (1) possession of a 'certain and clearly ascertained right which needs protection' [citations]; (2) immediate and irreparable injury if the preliminary injunction is denied [citation]; (3) lack of adequate remedy at law [citation]; and (4) 'probability of his ultimate success on the merits.' [Citations.]" *Stocker Hinge Mfg. Co. v. Darnel Industries* (1978), 61 Ill. App. 3d 636, 642, 377 N.E.2d 1125.

> "The issuance of a preliminary injunction is addressed to the sound discretion of the trial court. Thus, on appeal, the reviewing court's consideration is limited to whether the trial court properly exercised its broad discretionary powers in granting the temporary relief. [Citation.] Accordingly, we must determine whether, on the basis of the evidence produced at the hearing on [plaintiff's] motion for a preliminary injunction, the trial court abused its discretion in entering the preliminary injunction order. Each substantive issue will be considered only insofar as necessary to determine whether there has been an abuse of the trial court's discretion." (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 290-91, 389 N.E.2d 1300.)

We would also emphasize that the purpose of a preliminary injunction is to preserve the status quo and not to determine controverted rights or decide the merits of a case. *Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236, 396 N.E.2d 1246; *Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 295, 389 N.E.2d 1300.

Considering now the substantive issues, the first issue raised is whether U-Haul showed valid business interests in need of protection.

U-Haul, through affidavit of its president, claimed threatened business interests in dealer locations, customers' names, phone book listings and advertising, and good will. The defense denies these as proper interests and denies that they are in need of protection at this time. Despite defense argument to the contrary, we find the trial court did not abuse its discretion in concluding that U-Haul had shown legitimate business interests in need of protection. The record indicates that U-Haul dealerships in Pekin had been with Hasty and Hindahl since 1966. As such, customer contacts with these men and with their locations had been developed over a significant period of time. The importance of such contacts was asserted in U-Haul affidavits, as was the detrimental effect to U-Haul if competitors were permitted to move in to those dealerships.

More significantly, the current Yellow Page advertising, admittedly a crucial matter in the truck and trailer equipment rental business, lists the phone numbers and locations of Hasty and Hindahl as U-Haul numbers and locations. The detriment to U-Haul's business interests is obvious. Prior to the injunction entered by the trial court, persons calling for information about U-Haul rentals would be informed by Hasty and Hindahl that they had ceased operating as U-Haul dealers, but that they had switched to Jartran, another company in the rental truck business. While both Hasty and Hindahl stated in their affidavits that they made no comments about U-Haul when answering the phones, neither man refrained from selling Jartran and its equipment to interested callers. Thus, both past customers and new ones, seeking to do business with U-Haul and calling a U-Haul number, are initially diverted to a competitor. Should either Hasty or Hindahl be successful in selling Jartran to a caller seeking U-Haul equipment, then, to that extent, U-Haul has lost potential business, even though it is through U-Haul's advertising that the parties have gotten together. Furthermore, if Jartran does have better equipment and competitive prices, as alleged by Hasty and Hindahl, then U-Haul may have lost that customer to Jartran and any future dealers. Under the conditions that pertained prior to the temporary injunction, both actual interested business customers and potential future contacts could easily be diverted from U-Haul to Jartran.

U-Haul obviously has no legitimate protectible interest in preventing Jartran from competing with it in this area. It has shown, however, protectible business interests in the investment, both in terms of advertising and good will, that it has made in the dealerships with Hindahl and Hasty. It has shown a legitimate business interest in seeing that its investment in those dealerships is not used in the full service of a competitor. We find no abuse of discretion, on the record adduced to date, in the court's conclusion that U-Haul had shown valid business interests which were threatened with the existence and operation of

Jartran dealerships with Hindahl and Hasty, especially while both remained listed as U-Haul dealers in the Yellow Pages of the telephone directory.

The second issue raised by the defendants is whether U-Haul made a sufficient showing that at law remedies were inadequate. Counsel for Hindahl and Hasty argue that the outside limit of U-Haul's damages will be calculable, in that it will be the amount of total sales they do as Jartran dealers prior to judgment. This argument overlooks the significant injury to U-Haul when a customer, seeking U-Haul equipment, is diverted from U-Haul to a competitor. As above noted, such diversion may have both immediate and future detrimental effects upon U-Haul. The immediate damages, loss of sales in that particular customer's transaction, may be calculable, but the injury to its reputation and good will, and the resulting potential loss of future business, is incapable of adequate computation. The defense argues that no evidence was presented with respect to the damage to U-Haul's goodwill, yet the affidavit of U-Haul's president notes the importance of repeat rentals and reputation and also the damage to those interests from a diversion of customers initially seeking U-Haul. As noted, we find there was no abuse of discretion in the court's conclusion that U-Haul had sufficiently shown the lack of an adequate remedy at law.

Turning next to the question of the threat of immediate and irreparable harm, we find that a sufficient showing was made on this issue and that there was no abuse of discretion in the court's finding for U-Haul thereon. As was noted in the *McElroy* case:

> "A showing of irreparable injury is related to the proof of a legitimate business interest. Once a protectible interest has been established, injury to plaintiff will presumably follow if that interest is not protected." (72 Ill. App. 3d 285, 294.)

It is not necessary that a party seeking an injunction show an actual loss of sales before relief will be granted (*Office Electronics, Inc. v. Graffic Forms, Inc.* (1978), 56 Ill. App. 3d 395, 399, 372 N.E.2d 125), as the threat of immediate and irreparable harm will suffice. In the instant case, the threat of injury, both immediate and irreparable, has already been noted. U-Haul could lose sales to customers calling for rentals who use Jartran as an alternative, and U-Haul could lose those customers to Jartran on future transactions. The requisite threat to their legitimate business interests was shown by the evidence before the court at the hearing to determine whether a preliminary injunction should be ordered.

■■ The final issue raised by the defendants is whether the court abused its discretion in finding that U-Haul established a likelihood of prevailing on the merits. As noted previously, to meet that burden, a party is not required to make out a case which in all events will warrant relief after

final hearing. (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 291, 389 N.E.2d 1300.) Rather, a party must show that he probably will be entitled to the relief prayed for if the proof should sustain the allegations. Where restrictive covenants are involved, the likelihood of prevailing on the merits issue becomes a question of the reasonableness of the restrictive covenant. (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 291, 389 N.E.2d 1300.) The trial court in this case found the covenant to be reasonable. Our review is limited to determining whether the trial court abused its discretion in concluding that it was reasonable on the facts before it at the preliminary hearing. We herein make no final decision as to the reasonableness of the covenant not to compete, nor do we perceive the trial court as having made any determination on that question which would bind the parties in the trial on the merits.

■■.The restrictive covenant in the instant case would act to prevent Hasty and Hindahl from operating competing dealerships in Tazewell County during the one-year currency of the 1980 Pekin telephone directory (February 1980 to February 1981) and for one year thereafter. The reasonableness of a specific restrictive covenant must be assessed upon the facts and circumstances of the particular case. (*Shorr Paper Products, Inc. v. Frary* (1979), 74 Ill. App. 3d 498, 506, 392 N.E.2d 1148.) In making such a determination, a court must:

"* * * consider whether enforcement will be injurious to the public or cause undue hardship to the covenantor, and whether the restraint imposed is greater than necessary to protect the covenantee. [Citation.] The court must consider, in the circumstances of each case, the legitimate interests of the covenantee which might be protected by the covenant and the protection granted by the covenant in terms of time, space, and the types of activity proscribed. [Citation.]" (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 291.)

A determination is then made upon the totality of the circumstances. We find no abuse of discretion in the trial court's conclusion, based upon the evidence before it, that U-Haul had shown, preliminarily, the reasonableness of the covenants and thereby its likelihood of prevailing on the merits.

We have already concluded that U-Haul made a sufficient showing of business interests in need of protection. We find, as did the trial court, that the purpose of the covenants herein involved was shown to be the protection of those business interests. As to the time and place restrictions, the restriction preventing the former dealers from operating in Tazewell County was shown to be related to the interests of U-Haul in need of protection and also the dealers' spheres of operation. Hindahl and Hasty, while stating that most of their business came from Pekin itself, admitted

that other business came to them from outside the city. Pekin is the county seat of Tazewell County and the largest city in the county, and its phone books are distributed throughout the county. The covenants would also operate to prevent Hasty and Hindahl from competing with U-Haul for the period of the current telephone directory, plus one year. The record indicates that this restriction is designed to protect U-Haul's legitimate interest in its good will by preventing former dealers from switching to a competitor after advertising has lapsed and then using, in the service of the competitor, the benefits accruing to the dealers from U-Haul's past advertising and past customer contact at a specific location. We perceive the reasonableness of this purpose and the legitimate concerns behind setting the time restriction to encompass both the period of current advertising and some period of time thereafter. Some restriction, after advertising in the Yellow Pages has been replaced, would seem reasonable in most cases, given past identification of the dealer as U-Haul affiliated and given the vagaries of telephone book distribution, replacement and use. Accordingly, we do not find that the period specified in the U-Haul dealership agreements is manifestly unreasonable or oppressive. See *Statistical Tabulating Corp. v. Hauck* (1973), 10 Ill. App. 3d 50, 54, 293 N.E.2d 900.

While accepting the reasonableness of this limitation in its inception, we do have reservations about the necessity of the restriction for the full year, after lapse of the 1980 advertising in the Yellow Pages, in the circumstances of this case. The telephone is conceded to be by far the most important medium of customer contact in the truck and trailer rental business. Obviously, competition from dealers identified in the current telephone listings as U-Haul dealers would injure U-Haul's business interests. It is another question, however, whether U-Haul's interests, given the other considerations, need protection from competition in the manner requested for a full year after Yellow Page advertising has been discontinued for a particular dealer. The evidence presented, though conflicting, indicated that the importance of such matters as dealer location, customer loyalty and name lists was not nearly as great as the importance of the telephone listing and advertising. More evidence on this matter and upon the nature of customer contacts and market conditions may provide a basis upon which to alter the determination of the reasonableness of the time restriction in the circumstances of this case. The injunction which we are reviewing is a preliminary one pending a hearing on the merits. The trial court, after a change in circumstances or after a hearing on the merits, may well make a different conclusion as to the reasonableness of the time limit. It may also, in that event, consider the possibility of modifying the covenant so as to provide for a shorter period or no further period of enforcement of the covenant. (See *Shorr*

*Paper Products, Inc. v. Frary* (1979), 74 Ill. App. 3d 498, 507, 392 N.E.2d 1148; *Barrington Trucking Co. v. Casey* (1969), 117 Ill. App. 2d 151, 253 N.E.2d 36; *Statistical Tabulating Corp. v. Hauck* (1973), 10 Ill. App. 3d 50, 54, 293 N.E.2d 900.) We find only that the court did not abuse its discretion in finding the time limit reasonable at this stage of the proceedings. This court makes no determination as to the merits of the case nor as to the advisability or possibility of modifying the covenant. Nor do we find that other considerations indicate that the court abused its discretion in finding, on the evidence presented, that the covenant was reasonable.

The defense asserts the hardship, in the form of lost revenue, that the defendants Hasty and Hindahl will suffer from the granting of preliminary relief. Yet, the purpose of such relief is to preserve the status quo, which is identified as the last peaceable state prior to the pending controversy. In the circumstances of this case, that was the period of time prior to which Hasty and Hindahl began their Jartran operations. The status quo was with them as U-Haul dealers and not with them as Jartran dealers. They chose to terminate their agreements with U-Haul. The court, in granting the temporary relief, was attempting to reinstate the best approximate status quo. While it must be conceded that Hasty and Hindahl will lose sales they might otherwise have made as Jartran dealers, the record also sufficiently indicates that those sales would likely have come at the expense of U-Haul, both in terms of advertising expenditures and in terms of its lost sales and potential loss of customers. We find no abuse of discretion in the court's balancing of considerations focusing upon the legitimate need for protection for the covenantee and the undue hardship on the covenantors.

The record before the court indicates that Hasty and Hindahl entered into dealership contracts with U-Haul and operated under those agreements for a number of years. Thereafter, feeling injured by a change in U-Haul policy and the diversion of business to U-Haul's East Peoria facility, they began operations in the service of a competitor of U-Haul without notifying U-Haul and while still using U-Haul's advertising and good will to their benefit. These actions were in direct violation of the language of the agreements under which they had operated for a number of years. Under all the circumstances and the broad discretion given trial courts on such decisions, we find no error in the court's conclusion that Hasty and Hindahl had not shown, as of the time of the hearing, undue hardship in being forced to temporarily abide by their prior agreements.

A final consideration on the reasonableness of the restrictive covenants is the possible injury to the public from their enforcement. The defendants argue strenuously that the Pekin public will be hurt because Pekin will be without rental services of the type offered. They also argue

that the effect of the enforcement of the covenant is to give U-Haul a monopoly in the area. As to the latter argument, it is noted that the order does not prevent Jartran from soliciting other persons to become Jartran dealers in Pekin. As to the related question of the injury to the public from the lack of availability of rental truck equipment, no evidence in the record at this time indicates such an injury to the public. The record does indicate that such equipment is available to Pekin residents in both East Peoria, where U-Haul has a central facility, and in Peoria, both of which are nearby cities. We find that, at this stage, the defendants have failed to provide sufficient proof of their claims of injury to the public from the granting of temporary relief to U-Haul.

Finally, the defense argues that the injunction is greater than necessary to protect U-Haul's interests, and we are urged to modify the injunction to permit Hasty and Hindahl to operate as Jartran dealers, but with phone numbers not identified with U-Haul. This argument is premised upon awareness of the fact that telephone advertising is the key factor in this market. However, even if the numbers were changed, the advertising would remain in the Yellow Pages, and that advertising identifies these dealers as U-Haul. The threat of injury, though lessened somewhat, would remain as would the incalculability of U-Haul's ultimate damages. The court's injunction, as issued, serves to preserve the status quo and we find no basis, at this time, to modify it. The court did not abuse its discretion in the limitations it imposed upon the defendants. The trial court will be able to re-examine and redetermine the extent of relief necessary after the merits of the controversy are heard.

■■ In summary, we find that there was no abuse of discretion in the trial court's granting of temporary injunctive relief to plaintiff U-Haul, and its order is hereby affirmed.

Affirmed and remanded for further proceedings in accordance with the views expressed in this opinion.

SCOTT and BARRY, JJ., concur.